IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60311
Conference Calendar
_____


LEONEL MARTINEZ-PALACIOS,

                                        Petitioner,

versus

IMMIGRATION and NATURALIZATION SERVICE,

                                        Respondent.


- - - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
INS No. A70-003-153
- - - - - - - - - -
February 20, 1997

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Leonel Martinez-Palacios asserts that the Board of
Immigration Appeals (BIA) abused its discretion in affirming the
order of the Immigration Judge (IJ) denying his petition to
suspend his deportation.  Martinez-Palacios argues that his
deportation would result in "extreme hardship."  See 8 U.S.C.
§ 1254(a)(1); Hernandez-Cordero v. INS, 819 F.2d 558, 560 (5th
Cir. 1987)(en banc).

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

We review the BIA's findings regarding "extreme hardship" under a strict standard for abuse of discretion.  Hernandez-Cordero, 819 F.2d at 561-63.  Procedurally, our review is limited to determining whether the BIA gave any consideration to the relevant factors establishing extreme hardship.  Id. at 563.  Substantively, we may find that the BIA abused its discretion only in a case in which "the hardship is uniquely extreme, at or closely approaching the outer limits of the most severe hardship the alien could suffer and so severe that any reasonable person would necessarily conclude that the hardship is extreme."  Id.

The BIA specifically stated its findings regarding each factor relevant to Martinez-Palacios's eligibility for suspension of deportation.  Moreover, the mere possibility that his deportation could result in the breakup of his family is not sufficient to require express consideration by the BIA.  See Vargas v. INS, 826 F.2d 1394, 1399 (5th Cir. 1987).  The BIA did not abuse its discretion, either procedurally or substantively, in concluding that Martinez-Palacios had not presented evidence of "extreme hardship."

Martinez-Palacios also requests that we extend the 30-day voluntary departure period granted to him by the IJ and the BIA.  Because he fails to provide an adequate reason to trench on the District Director's authority to decide whether to reinstate voluntary departure, this request is DENIED.

The petition for review is DENIED.